<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Manyuan Li, : <br> : <br>     Plaintiff, : <br> : <br>     v. : <br> : <br> Port Authority of New York : <br> and New Jersey, : <br> : <br>     Defendant. : <br> : | Civil Action 06-4904 (DRD) <br><br> **<u>OPINION</u>** |

Appearances by:

Manyuan Li
569 Tarpon Avenue
Manasquan, NJ 08736
    *<u>Pro</u> <u>Se</u> Plaintiff*

George P. Cook, Esq.
PORT AUTHORITY OF NY & NJ
One Path Plaza
Jersey City, NJ 07306
    *In house counsel for Defendant Port Authority of New York and New Jersey*

---

**DEBEVOISE, United States Senior District Judge**

    This matter comes before the Court on the motion of Defendant Port Authority of New York and New Jersey ("Port Authority") to dismiss all claims for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(6).  Port Authority asserts that the action of <u>Pro</u> <u>Se</u> Plaintiff Manyuan Li ("Li") is time-barred by New Jersey's two-year statute of limitation for a personal injury action.  For the reasons cited below, Li's Complaint will be dismissed with prejudice.

## BACKGROUND

Li commenced this action in the Superior Court of New Jersey[1] and Port Authority timely removed it to this Court. Although Li fails to identify specifically a cause of action, it appears, and Port Authority agrees, that Li is alleging a violation of her constitutional rights under 42 U.S.C.A. § 1983. Therefore, this Court has jurisdiction.

Li's Complaint alleges that on August 6, 2003, she parked her rented vehicle at the curb outside Terminal B at Newark Liberty International Airport ("Airport") and ran inside to make arrangements for taxi service to drive her to her home. Li states that when she returned, she discovered that the rental vehicle had been ticketed and was in the process of being towed. Li asserts that, although the tow truck driver advised her that he would abort the tow of the vehicle provided she paid a $75 fee and the police at the scene advised her to pay the fee, Li refused to do so because the vehicle already had been ticketed.

According to Li, she "was desperate and trying to prevent them from towing [the] car" because the vehicle contained many of Li's valuable personal items. Li asserts that "three policemen forced to pull me down the floor and arrested me" [sic] and then transported her to a holding cell at Port Authority Police Department at the Airport.

Li states that, although Port Authority police attempted to release her the following morning, she was returned to the holding cell and then transported to the University of Medicine and Dentistry of New Jersey hospital after she complained that the police had broken her arm. She was treated and released from the hospital.

Among other things, Li alleges that Port Authority police officers disregarded her human

---

[1]Law Division, Essex County, Docket No. ESX-L-6539-06 (Aug. 8, 2006).

rights, assaulted, abused, and tortured her during the arrest process and while she was incarcerated. She claims that the police officers lied and obstructed justice. She also complains that she was not given food during the time she was incarcerated at the Airport. Additionally, she alleges that Port Authority has failed to train appropriately and adequately its police officers. According to the New Jersey Civil Case Information Statement that Li completed, she seeks redress of $9700.

Port Authority removed Li's Complaint from New Jersey Superior Court to this Court.

## ANALYSIS

The Court is mindful that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Therefore, even though Li does not set forth a specific ground for her cause of action, the Court construes Li's Complaint to allege a violation of her constitutional rights under 42 U.S.C.A. § 1983, which provides in part that:

> Every person who, under color of statute, ordinance, regulation, custom, or usage of any State of Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proper proceeding for redress . . .

A § 1983 cause of action accrues when the plaintiff knew, or should have known, of the injury upon which the action is based. Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). A false arrest claim accrues at the time of arrest. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998). Where it is apparent to the plaintiff at the time of the search that the search was unreasonable, the statute of limitations accrues at the time of search. Rolax v. Whitman, 175 F. Supp. 2d 720, 727-9 (D.N.J. 2001). A cause of action for false arrest and imprisonment accrues on the date of arrest and imprisonment because it is on that

3

date that the plaintiff reasonably should have known that the police officers lied and planted evidence on him.  Williams v. Brown, 1997 WL 617032, at * 3 (E.D.Pa. Sept. 20, 1997).

Li characterizes her action as a "tort complaint."  This is appropriate given that civil rights claims are generally considered to be personal injury actions and, as such, are governed by the state's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  The State of New Jersey, pursuant to N.J.S.A. § 2A:14-2, sets a two-year limitation on commencement of personal injury actions.  See also Montgomery, 159 F.3d at 126 and at n. 4); Cito v. Bridgewater Township Police Dept., 892 F.2d 23 (3d Cir. 1989).  A court may dismiss a complaint for failure to state a claim where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).

New Jersey statutes, however, permit  statutory tolling for certain reasons.  See e.g., N.J.S.A. § 2A:14-21 (tolling because of minority or insanity);  N.J.S.A. § 2A 14-22 (tolling because of non-residency of persons liable).  New Jersey law also permits equitable tolling where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or "where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights," or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.  See Freeman v. State, 347 N.J. Super. 11, 31 (2002) (citations omitted), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

"When state tolling rules contradict federal law or policy, in certain limited circumstances

[federal courts] can turn to federal tolling doctrine." See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000) (citation omitted). Under federal law, equitable tolling is appropriate, generally, where a defendant actively misleads a plaintiff with respect to her cause of action; or where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum. Id. at n. 9.

Here, Li reasonably knew on the night of her arrest at the Airport of the causes of action and injuries that form the basis of her Complaint. Therefore, her claim accrued on August 6, 2003 and, certainly, not later than August 7, 2003. Li asserts the date of August 6, 2003 in her Complaint filed with the New Jersey Superior Court on June 30, 2006. The Superior Court filing date of June 30, 2006, however, is significantly beyond the New Jersey statute of limitations period of two years. Li alleges no facts or extraordinary circumstances that would qualify for statutory or equitable tolling under New Jersey or federal law. Therefore, all § 1983 constitutional claims are time-barred and her claim is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above because Li cannot, at this time, assert facts sufficient to state a claim upon which relief can be granted, Li's Complaint will be dismissed with prejudice. An appropriate order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: November 27th, 2006